IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |
|---|---|
| THRENZETTA LETT BETTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-0600-CG-C |
| | ) |
| LARSEN INTERMODAL SERVICES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter is before the court on plaintiff's motion to remand and brief in support (Docs. 12 & 25), the responses thereto of defendants, Flexi-Van, Inc. and Kansas City Southern Railway Company, (Docs. 29 & 30), plaintiff's replies (Docs. 31 & 40) and the supplemental brief of Kansas City Southern Railway Company (Doc. 39).  Plaintiff asserts that remand is appropriate because (1) Alfa Mutual Insurance Company is an Alabama corporation and is a real and substantial party to the litigation, and (2) removal was untimely.   The court finds that removal was untimely.  Therefore, plaintiff's motion is due to be granted on that basis and the court declines to address plaintiff's alternative argument.

# FACTS

This case was originally filed on August 24, 2005, in the Circuit Court of Wilcox County, Alabama.  Defendants, Larsen Intermodal Services, Inc. ("Larsen"), Daniel D. Clay, Flexi-Van Leasing Inc. ("Flexi-Van"),  Alfa Mutual Insurance Company ("Alfa") and Ohio Casualty Insurance Company (Ohio Casualty"), were all served with the complaint on August 26, 2005.

1

Plaintiff amended the complaint on September 15, 2005, to add Kansas City Southern Railway Company ("KCS").  KCS was served with the complaint on September 16, 2005.  On October 14, 2005, KCS filed a notice of removal with this court.   Larsen, Clay, Flexi-Van, and Ohio Casualty consented to KCS's removal.  Defendant Alfa did not consent.

## LEGAL ANALYSIS

Federal courts are courts of limited jurisdiction; therefore, remand statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand.  <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).  While 28 U.S.C.A.  § 1441 sets forth the jurisdictional requirements for removal, § 1446 provides the procedure for removal of an action from state court to federal court.  Section 1446(b) mandates that where the case is removable upon the initial pleading:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Generally, "all defendants must join in a removal petition in order to effect removal." <u>Newman v. Spectrum Stores, Inc.</u>, 109 F.Supp.2d 1342, 1345 (M.D. Ala. 2000) (quoting <u>Northern Illinois Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.</u>, 676 F.2d 270, 272 (7th Cir. 1982); <u>see also</u> <u>Russell Corp. v. American Home Assur. Co.</u>, 264 F.3d 1040, 1049 (11th Cir. 2001) ("[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court.").  "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism

concerns arising in the context of federal removal jurisdiction." Russell, 264 F.3d at 1049 (citations omitted).   Without the timely consent of all defendants, removal is defective and the case may be appropriately remanded pursuant to 28 U.S.C. § 1447(c).

Plaintiff asserts that removal was untimely because it was filed more than thirty days after the first defendant was served.  Defendants assert that KCS, as a later added defendant, had 30 days from the date it was served to effect removal.  The Eleventh Circuit has not definitively addressed whether service on the first-served or last-served defendant begins the time limit for removal in cases where multiple defendants were served on different days.   There is a split of authority amongst the federal courts as to which rule to apply.   This court has previously applied the first-served defendant rule in this district.  See e.g. CV05-0202-CB-M, Doc 25; CV03-00311-WS-L, Doc. 26; CV03-0054-CG-M, Doc. 24.  Defendants argue that this case is different because the later-served defendant resulted from a new pleading, the amended complaint.  Defendants assert that because it was an entirely new pleading that added KCS as a defendant, KCS should be allowed 30 days from the date it was served to timely remove.  Defendants maintain that the court should follow Fitzgerald v. Bestway, 284 F.Supp.2d 1311 (N.D. Ala. 2003), in which the Northern District of Alabama followed the last-served defendant rule when presented with similar circumstances.  In Fitzgerald, the removing defendant had been served after the time period for removal by the original defendants had expired.   More recently, the Middle District of Alabama, noting the defendant's argument that the court should follow Fitzgerald, ruled that the first-served rule applies even where a defendant was added more than thirty days after service. Adams v. Charter Communications VII, LLC,  356 F.Supp.2d 1268 (M.D. Ala. 2005).  As that court explained:

> . . . Whatever this Court might think of the relative merits of the "first-served defendant rule" and the "last-served defendant rule," in the absence of direction from either the United States Supreme Court or the Eleventh Circuit Court of Appeals, this Court will not deviate from the path selected by the other judges of this district. Accordingly, the Court finds that the "first-served defendant rule" is applicable to this case.
>
> The application of the "first-served defendant rule" to this case is rather straight-forward and requires remand. Charter is the defendant first served with Summons and Complaint in this case. That service occurred more than thirty-days prior to Crown's removal of this action. Accordingly, the removal is untimely. The fact that Crown was not a named or identified party defendant at the time the thirty-day period expired does not alter the application of the "first-served defendant rule." See, generally, Brown[v. Demco, Inc.], 792 F.2d 478 [(5th Cir. 1986)]. Indeed, the Brown case which helped established the "first-served defendant rule" and which has been followed by this district involves a very similar fact pattern to the one which exists in this case. Accordingly, consistent with the reasons articulated in Brown, the Court finds that this case is due to be remanded.

Adams, 356 F.Supp.2d at 1273. In this case, the equitable reasons for allowing KCS additional time to remove are not as strong as those present in Fitzgerald and Adams. KCS was served prior to the expiration of the 30 day time limit for the original defendants to remove. The original defendants, Larsen, Clay, Flexi-Van, Alfa, and Ohio Casualty, were all served with the complaint on August 26, 2005, and had until September 25, 2005, to timely remove the case. KCS was served with the complaint on September 16, 2005, and, therefore, had nine days to effect removal under the first-served rule.

Defendants also argue that the U.S. Supreme Court decision in Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), suggests the adoption of the last-served defendant rule. Murphy Brothers held that a named defendant's 30-day period to remove an action from state court "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and

4

apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. at 348, 119 S.Ct. at 1325. Defendants cite cases from other district courts and circuits which have found that although Murphy Brothers involved only a single defendant, its holding applies in multiple defendant contexts. See e.g. Piacente v. State Univ. of N.Y. at Buffalo, 362 F.Supp.2d 383 (W.D.N.Y. 2004); Marano v. Enters. of Kansas v. Z-Teca Rests., Inc., 254 F.3d 753 (8th Cir. 2001). However, this district has previously rejected that argument. Cartee v. Precise Cable Const., Inc., 2005 WL 2893951, *5 (S.D. Ala. Nov. 1, 2005). Magistrate Judge Cassady, writing for the court, stated the following:

> While it is true that the Eighth Circuit, in Marano, has predicted that if faced with the issue the Supreme Court "would allow each defendant thirty days after receiving service within which to file a notice of removal, regardless of when-or if- previously served defendants had filed such notices[,]" 254 F.3d at 756 (citation omitted); see also Barnhart[v. Federated Dept. Stores], supra, 2005 WL 549712, at *6 [(S.D.N.Y)] ("The last-served defendant rule is more consistent with the Murphy Brothers decision than the first-served defendant rule."); Piacente v. State University of New York at Buffalo, 362 F.Supp.2d 383, 388 (W.D.N.Y.2004) ( "[T]his Court finds that, logically extended, Murphy Bros. favors adoption of the RD [removing defendant] rule ."); In re Tamoxifen Citrate Antitrust Litigation, 222 F.Supp.2d 326, 335 (E.D.N.Y.2002) ("The Court concludes that application of the 'first-served rule' would not be fair to the defendants, nor does it seem appropriate in light of Murphy Brothers and the language of Section 1446(b)."), numerous district courts across the country have rejected the notion that Murphy Brothers signals that the Supreme Court will follow the later-served defendant rule if it ever decides to weigh-in on the timeliness issue in a case involving multiple defendants served at different times, Cellport Systems, Inc. v. Peiker Acustic GMBH & Co. KG, 335 F.Supp.2d 1131, 1134 (D.Col.2004) ("The [Murphy Brothers ] case involved a single defendant and the Court did not consider the issues presented by the separate question of the statutory period for removal in cases involving multiple defendants. I find nothing in the Murphy decision, therefore, that undermines the first-served rule or its rationale. To the extent other courts have found otherwise, see, e.g., Morano, 254 F.3d at 756-57, I respectfully disagree with their conclusions."); Smola [v. Turnbull Ins. Co.], supra, 317 F.Supp.2d at 1232 & 1233 [(D.Col. 2004)] ("This court does not believe that Murphy portends evisceration of the 'first-filed rule.' ... Since Murphy involved only one defendant, the Court simply had no occasion to

consider the slew of questions raised when one or more multiple defendants attempts to remove a case. This court sees no language in Murphy which would portend the demise of the first-filed rule. Nor does this court understand the logic of cases suggesting that Murphy supports the last-filed rule."); Smith v. Health Center of Lake City, Inc., 252 F.Supp.2d 1336, 1346 n. 2 (M.D.Fla.2003) ("The Court also does not find that the Supreme Court's holding in Murphy Bros. indicates that the Supreme Court would adopt the approach taken by the Eighth Circuit in Marano.  Murphy Bros. was based on the 'bedrock principle' that '[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.' ... Such bedrock principle is not implicated in this case."); Baych [v. Herrick Douglas, Inc.], supra, 227 F.Supp.2d [620] at 622 [(E.D.Tex. 2002)]("[T]his court declines to extend [Murphy Brothers' ] reasoning to overrule the well established Fifth Circuit precedent of Getty Oil [Corporation v. Insurance Company of North America, 841 F.2d 1254 (5th Cir. 1988)]." ); Auchinleck [v. Town of Lagrange], supra, 167 F.Supp.2d [1066] at 1069 [(E.D.Wis. 2001)] ("Defendants also advance the argument, echoed by the Eighth Circuit in Marano Enterprises, that the Supreme Court's recent decision in Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) suggests that the first-served rule is no longer viable.... This argument takes Murphy Bros. too far and fails to realize the logical effect of the first-served defendant's failure to timely remove. Certainly, formal service of process signals the beginning of the litigation process for the defendant. However, the failure of the first-served defendant to timely remove simply means that removal is impossible for future defendants.").

     This Court finds, consistent with many district courts before it, that Murphy Brothers does not sound the death knell for the first-served defendant rule in cases, like the present, involving multiple defendants who are served at different times. In Murphy Brothers there was only one defendant and, therefore, the Supreme Court had no occasion to decide whether it favored the first-served defendant rule or the minority later-served defendant rule. Moreover, a scenario in which the Supreme Court opts in favor of the first-served rule is as believable as the scenario predicted by Marano, supra, particularly since the former is not only "more consistent with the long line of cases strictly construing removal and similar jurisdictional statutes against removal[,]" but also because it "settles at an early stage the question of whether the litigation will proceed in a federal or state forum." Smola, supra at 1233. Accordingly, the undersigned adopts as the appropriate rule in this Court that rule presaged by three district judges in the Southern District of Alabama (Doc. 19, Exhibits A-C): the first-served defendant rule.

Cartee v. Precise Cable Const., Inc., 2005 WL 2893951, *4-5 (S.D. Ala. Nov. 1, 2005).  The

undersigned finds the reasoning of the prior decisions in this district to be persuasive.

## CONCLUSION

Applying the first-served defendant rule to the instant action, the court finds that defendants' notice of removal was not timely filed.  Therefore, plaintiff's motion to remand (Doc. 12 ) is **GRANTED** and this case is hereby **REMANDED** to the **Circuit Court of Wilcox County**, Alabama.

**DONE and ORDERED** this 21st day of June, 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE